No. 11,485.

A. ADLER & CO. vs. BURTON LUMBER COMPANY.

The vendor preserves his privilege though he takes notes for part of the price, and no presumption that he novates the debt and extinguishes the privilege arises from the fact that in acknowledging delivery of the notes he gives a receipt worded: "I acknowledge receipt of the price, payment being satisfactory and in notes," especially when by the contract notes were to be given for part of the price, and besides when it appears by the testimony no novation was intended. To hold that the privilege of the vendor was extinguished under such circumstances would be subversive of the principle that novation is never presumed, but is accomplished only by discharge of the debt or express agreement of the parties (Civil Code, Arts. 2185, 2190, 3227; 16 La. 469; 34 An. 535); cases collected in 2d Hennen's Digest, 993, No. 1; 4 An. 313; 3, An. 600.

To sell the property of a defendant before any judgment against him is to exercise power which, if the courts can exercise it, should be exerted only in exceptional cases, and this is not such a case.

APPEAL from the Fifteenth District Court, Parish of East Baton Rouge. *Buckner, J.*

*Kernan & Laycock* Attorneys for Plaintiffs and Appellants:

An affidavit clearly setting forth the character of a debt, to which the law grants a privilege, is an affidavit to the privilege, and is in this respect sufficient to warrant an order for sequestration. C. P. 276.

The court may order the sheriff to sell sequestered property *pendente lite*, if it be perishable. C. P. 283; Calder vs. Creditors, 44 An. 455; 15 La. 481; 12 An. 552; 11 La. 444; 41 An. 742.

The vendor's privilege need not be expressly stipulated; its renunciation must not be doubtful, but the language must clearly imply that the creditor intended to give up this right. Baker vs. Frellsen, 32 An. 827; Bacchus vs. Moreau, 4 An. 313.

The change of the form of a contract or a modification of the manner of the execution thereof does not effect novation, which is never presumed and must be expressly stipulated or result clearly from the language used. Aillet vs. Woods, 24 An. 193; 34 An. 927, 534, 1113; 11 R. 9; 4 An. 281; 5 An. 436; 6 An. 669; 5 An. 508, and Pothier on Obligations, Sec. 559; R. C. C. 2182, *et seq.*

The receipts of the vendor, without reserve of privilege, for notes in payment of the debt does not novate the debt or extinguish the privilege. Marcadé Code Napoleon, Vol. 4, p. 458, No. 768; Troplong des Priviléges et Hypothêques, Vol. 1, p. 304; Aubry & Rau, Droit Civil Français, Vol. 4, p, 218, Sec. 324; Demolombe des Contrats, Vol. 5, p. 209, No. 297; Aillet vs. Woods, 24 An. 193.

*C. C. Bird* and *Alvin E. Read* Attorneys for Defendant and Appellee:

Sequestrations * * * by which the property of a party is wrested from his possession, and taken into the custody of the law before judgment, without notice, and upon the *ex parte* showing of the plaintiff, are extraordinary, and hence the doctrine has been uniform, that they are to be strictly construed, and that the requisites of the law must be observed on pain of nullity. 2 An. 415; 1 An. 308; 2 An. 920; 11 Rob. 158; 3 La. 18; 4 An, 456.

Affidavit as to material fact only on belief is insufficient to obtain powers. Bergh vs. Jayne, 7 N. S. 609; McFarland vs. Richardson, 1 An. 13.

When note is received in payment, privilege is lost. 2 N. S. 144; 6 N. S. 657; 2 La. 111; 16 La. 140; 2 An. 175; 4 An. 543; 14 An. 54.

There is no law which authorizes the sale of sequestrated property, as there is in cases of attachment.

The opinion of the court was delivered by

MILLER, J. The plaintiffs, holders of promissory notes given by the defendant for the credit portion of the price of certain logs pur-

chased by him, bring this suit to compel payment of the notes. The original and supplemental petitions set forth the purchase of the logs by defendant, the execution and delivery of the notes in part settlement of the price, the acquisition of the notes by plaintiff, and there is the averment that plaintiffs are informed and believe that the notes are secured by the vendor's privilege. On these petitions, supported by affidavit, a writ of sequestration issued and the logs were seized by the sheriff. The plaintiffs soon after applied for an order to sell the property *pendente lite* on the ground that lying in the Mississippi river, it was expensive to keep and liable to be lost.

The defendant moved to dissolve the writ on the grounds that the affidavit was insufficient and that plaintiffs had no privilege.

The lower court dissolved the writ on both grounds and dismissed plaintiffs' application to sell the property. From this judgment plaintiffs appeal.

The motion to dismiss for supposed insufficiency of the affidavit is based on the averment in the petition that plaintiffs are informed and believe that the notes are secured by the vendor's privilege. This privilege arises from the nature of the debt. The petition set forth that debt—*i. e.*, that the notes were given to the vendor by the defendant for the price of the logs, and that the notes are unpaid. These allegations are supported by the requisite affidavit. The averment in the petition that plaintiffs are informed and believe that the notes are secured by the vendor's privilege, announce merely the legal conclusion necessarily arising from the facts stated in the petition and sworn to by the attorney for plaintiff. We can not perceive any defect in the affidavit.

It was stipulated in the contract for the purchase of the logs that the notes were to be given for part of the price. The vendor from whom or through whom plaintiffs acquired the notes, gave to defendant a receipt reciting the receipt of the price of the logs, stating settlement in full, with this addition: " the payment being all satisfactory and in notes." The contention of defendant is that under the receipt expressing " payment in notes " there is no privilege on the logs, or in other words that the privilege of the vendor is destroyed because of the form of this receipt.

The vendor's privilege arising by operation of law from the contract itself, is not readily presumed to be relinquished. The privilege exists without stipulation, and its relinquishment is to be deduced

not from inference, but only from the consent of the vendor expressed or plainly implied.   Bacchus vs. Moreau, 4 An. 313; Boner vs. Mahle, 3 An. 600.  It is not easy to infer any release of the privilege from the frame of this receipt.  After all, the supposed relinquishment involves the question of intention.  It would be forcing the significance of words to hold that the vendor intended to surrender his privilege by the words " payment in notes."  The words themselves imply not a payment absolutely, but the giving of notes to represent the price.

Of course, novation of the debt extinguishes the privilege.  But is there any novation by the creditor taking notes from the debtor for the debt?  This would seem to be answered in the negative by the text of the Code—that the privilege subsists though the creditor take a note, and by the articles of the Code defining novation.  Civil Code, Arts. 3227, 2185, et seq.

Novation not arising from the fact that the vendor takes notes for price, nor arising from any inference consistent with the significance of the language of the receipt, the remaining contention of defendant is that the receipt expresses payment of the debt.  Does it?  The receipt is qualified.  It is " receipt for the price, payment in notes." The qualification is material.  Its import is that the debt is not paid, but still subsists in the form of notes.  The receipt imports a mere change of form, but the debt itself with the privilege attached to it remains.  In reaching this conclusion we are aware there are some *dicta* seemingly to the contrary as to the import of "received payment by notes."  We can not give to the words used here the meaning of an absolute payment, a meaning we think, repelled by the language and the manifest intention of the party.  We are aided, too, in this case by the proof in the record that there was no intention to novate.  The authorities later in date in our own reports sustain, we think, our conclusion, and as to the French authorities arrayed in the brief of plaintiff, they are practically unanimous that there is no relinquishment of the privilege in a case like this.  See Bourgeat vs. Smith's Syndic, 16 La. 469; Bergeron vs. Patin, 34 An. 535.

But the application to sell the property *pendente lite*, we do not think should prevail.  To sell a defendant's property before any judgment against him for the debt, occurs to us as involving the exercise of power which, if it exists, at least, is to be exerted only in exceptional cases.  Without passing on the question of power at all, it suffices to say, we decline its exercise in this case.

The views we have expressed control the decision, and obviate more detailed reference to other points in plaintiff's briefs, to which we have given careful attention.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed in so far as it refuses the application to sell, and reversed in so far as it maintains the motion to dissolve plaintiff's writ of sequestration, and appellees pay costs.